# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:22-CR-165-MOC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| SUDIPTA MAZUMDER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's motion for subpoena duces tecum. (Doc. No. 105). The Government opposes Defendant's motion. (Doc. No. 106). The Court heard argument on December 14, 2023. This matter is now ripe for disposition.

Defendant requests a subpoena ordering the U.S. attorney for the District of New Jersey to produce "[a]ny and all recorded telephone calls made by intake representatives of Expansion Media LLC and/or Help Now Network to the following individuals during the period of January 8, 2019, and April 30, 2020: Wendell Stephenson, Robert Karriker, William Tillman, Betty Walston, Alonza Walston, and Geralene McCray." (Doc. No. 105 at 1). Defendant maintains that the requested items may be in possession of the U.S. Attorney for the District of New Jersey in relation to case no. 2:22-cr-00210-MC United States v. Dino Romano. (Id. at 1). According to Defendant, the items covered by the proposed subpoena are evidentiary and relevant, not otherwise procurable reasonably in advance of posttrial hearings, and crucial to Defendant's preparation for such hearings. (Id. at 1–2). Thus, Defendant argues, FED. R. CRIM. P. 17(c) empowers the Court to issue the subpoena. (Id.).

1

The successful movant for a Rule 17(c) subpoena must satisfy four elements:

(1) that the documents are evidentiary and relevant;
(2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence;
(3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and
(4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

United States v. Nixon, 418 U.S. 683, 699–700 (1974)). As regards the first element, "[i]t is not enough for the requested material to be potentially relevant or admissible." United States v. Lindberg, No. 5:19-CR-22-MOC, 2019 WL 7000089, at *3 (W.D.N.C. Dec. 20, 2019) (internal quotations and citation omitted). Thus, "[c]onclusory allegations of relevance and admissibility are insufficient." Id.

Defendant's conclusory allegations fail to establish that the requested materials are evidentiary and relevant. Even if Defendant had offered a non-conclusory rationale, it is too late to present the requested materials to the jury. Defendant also fails to address potential admissibility issues related to evidence collected under the proposed subpoena. Thus, Defendant fails to satisfy the first prong of the Nixon inquiry.

Defendant also flunks the second Nixon prong. The Government points out that the source of the recordings in question is the business that created or maintained them, not a prosecutor using them as evidence in a different case. "The United States Attorney's Office for the District of New Jersey is not the records custodian for the purported recordings and cannot authenticate them." (Doc. No. 106 at 3). Thus, the requested materials are procurable from other sources.

As to the third Nixon prong, it is unclear that Rule 17(c) subpoenas are available at all at the post-trial stage. See United States v. Shrader, No. 1:09-CR-0270, 2010 WL 4781625, at *2

2

(S.D.W. Va. Nov. 16, 2010).

Finally, the Court finds that Defendant's request for subpoena constitutes a fishing expedition that violates the fourth <u>Nixon</u> prong. The Government argues, convincingly, that Defendant is attempting to manufacture a <u>Brady</u> violation. But "mere speculation that discovery could produce <u>Brady</u> or <u>Giglio</u> evidence is not enough" to support a Rule 17 subpoena. <u>Lindberg</u>, 2019 WL 7000089, at *4. Here, there is not even speculation that discovery could produce a <u>Brady</u> violation. Even if the U.S. attorney for the District of New Jersey possesses responsive materials, <u>Brady</u> is not implicated where an unrelated prosecution team from a different U.S. Attorney's Office possesses the requested materials in the course of an unrelated prosecution. <u>See</u> <u>Kyles v. Whitley</u>, 514 U.S. 419, 437 (1995); <u>United States v. Taylor</u>, 942 F.3d 205, 225 (4th Cir. 2019); <u>United States v. Smith</u>, 398 F. App'x 938, 941 (4th Cir. 2010) (unpublished).

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's motion for subpoena duces tecum (Doc. No. 105) is **DENIED**.

Signed: February 12, 2024

Max O. Cogburn Jr
United States District Judge